**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pedro A. Molera, )
)
      Plaintiff, )
)    No. CIV 19-328-TUC-CKJ
vs. )
)      **ORDER**
City of Nogales, et al., )
)
      Defendants. )
_____)

      Pending before the Court is the Motion to Dismiss (Doc. 12) filed by Defendants City of Nogales ("the City"), Roy Bermudez ("Bermudez"), and Frank Felix ("Felix") (collectively, "Defendants"). Plaintiff Pedro A. Molera ("Molera") has filed a response (Doc. 14), and Defendants have filed a reply (Doc. 15).

I.    *Factual and Procedural Background[1]*

      Molera began working as a police officer with the City in or about June 1996.[2] He was promoted to detective in December 2016.

      Defendants assert that, on June 25, 2018, after learning the City intended to terminate his employment, Molera submitted a letter of resignation to Police Chief Bermudez and City Manager Felix, indicating his intent to retire effective June 29, 2018. The July 6, 2018,

---

[1]Unless otherwise stated, the facts are taken from the Complaint (Docs. 1 and 6).

[2]Molera did not work for the City from approximately 2001 until 2004 but was re-employed by the City as a police officer in 2004.

Employee Action Notice indicates Molera's last day worked was June 29, 2018, Molera was paid through June 29, 2018, and the retirement was effective June 29, 2018. Motion, Ex. 4 (Doc. 12-1). Molera alleges that, also on June 29, 2018, he delivered written notice to Defendants that he was withdrawing his letter of retirement. Defendants assert Molera delivered a letter requesting to retract his resignation to Human Resources Specialist Maritza Valenzuela on August 10, 2018. Defendants assert Molera has acknowledged that he did not request to rescind his resignation until August 10, 2018. Defendants point out that Molera's September 12, 2018, grievance letter demonstrates Defendants received the request to withdraw on August 10, 2018. Complaint, Ex. E (Doc. 6).

Bermudez responded to Molera's request in an August 17, 2018, letter in which he declined to accept Molera's requested withdrawal or retraction of his notice of retirement. Complaint, Ex. C (Doc. 6).

On June 21, 2019, Molera filed a Complaint alleging Count I: Procedural Due Process in violation of 42 U.S.C. §1983, Count II: Intentional Interference With a Contract, Business Relationship or Business Expectancy, Count III: Breach of Contract, and Count IV: Breach of the Covenant of Good Faith and Fair Dealing against Defendants. The parties stipulated to the dismissal of Counts II-IV; those claims were dismissed by the Court on August 6, 2019.

On August 5, 2019, Defendants filed a Motion to Dismiss (Doc. 12). Molera has filed a response (Doc. 14), and Defendants have filed a reply (Doc. 15).

II. *Requirement that Action State a Claim on Which Relief Can be Granted*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555; *see also Starr*

*v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Twombly*, 550 U.S. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 555. The Court must determine if Plaintiff has "nudge[d] [their] claims across the line from conceivable to plausible." *Id*. at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 93 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief).

When a court is considering a motion to dismiss, allegations that are mere conclusion are not entitled to the assumption of truth if unsupported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). While this Court must take as true all allegations of material fact and construe them in the light most favorable to Molera, *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003), the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

III. *Due Process Violation*

Molera alleges that all Defendants, individually and collectively, violated his due process rights by failing to provide him with pre- and post-termination procedures after the City did not accept the withdrawal of his resignation. Defendants assert Molera has not alleged sufficient facts to state a claim for municipal liability and assert individual Defendants are entitled to qualified immunity.

A. *Municipal Liability – Policy*

A government entity "cannot be held liable solely because it employs a tortfeasor." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (2000). The local government "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.1992), *cert. denied*, 510 U.S. 932 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the *respondeat superior* theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–480 (1986).

To state a civil rights claim against a government entity, a plaintiff must allege the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell*, 436 U.S. at 691–694; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir.2002). In other words, a plaintiff must plead and prove that: (1) the alleged violation was the result of "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority

to, or ratified the decision of, a subordinate." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008), *quoting Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)).

Additionally, a government entity "may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001), *quoting Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir.2007). However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1995), *cert. denied*, 520 U.S. 1117 (1997).

Defendants argue that the Complaint fails to state sufficient facts to allege the City has a policy or custom of improperly refusing to provide due process rights when an employee attempts to withdraw a resignation/retirement.[3] Molera argues, however, that because there were no meaningful constraints upon City Manager Felix's discretion, Felix's action to terminate or ratify the termination of Molera represented official policy.

As pointed out by Molera, the City of Nogales Personnel Manual ("the Manual") provides that, if the manual itself does not establish a policy with regard to a particular subject, the departmental policy previously adopted shall remain in effect. The City Manager (along with the Human Resources Director and City Attorney) is given final decision-making authority over departmental policy. Further, the Manual states, "All departmental policies, rules and procedures shall be in writing and approved by the City Manager, Human Resources Director, and the City Attorney." Manual § 1.09(A). Molera argues that, because there was no express policy within the Manual as to how to handle the withdrawal of a notice of retirement (as opposed to a resignation), the policy for this matter

---

[3]Molera asserts Defendants misleadingly use the term "resignation" to describe his attempted "retirement."

was ultimately a decision for the City Manager. In this case, Felix is alleged to have exercised this final decision-making power by allowing the termination of Molera on August 28, 2018.    Defendants argue, however, that Molera is artificially creating a distinction between retirement and resignation where there is no real difference.  Defendants point out that the City's policy regarding employee-initiated separations is entitled "Resignation/Retirement" and makes no distinction between a retirement and a resignation. *Id*. at Chapter 22.  The relevant subsection provides:

> 22.01 Resignation/Retirement
>
>> A. An employee who desires to retire from City employment shall submit a written notice to the department director or City Manager no less than thirty (30) working days prior to the effective date of retirement.
>>
>> B. An employee who desires to resign from City service shall submit a written notice of resignation to the department director or City Manager no less than two (2) weeks prior to the effective date of resignation.
>>
>> C. The department director shall forward one (1) copy of the notice of resignation or retirement to the Human Resources Director.
>>
>> D. A notice of resignation shall be considered accepted when submitted, and may only be withdrawn with the approval of the department director or City Manager.

Manual, § 22.01.  Additionally, the Manual provides that, "[w]here the meaning of [the] Rules is not clear, they shall be liberally construed in a sensible, reasonable, and consistent manner in favor of the promotion and protection of an employee's rights and privileges enumerated in these Rules."  Manual, §1.06(D).[4]

The Court agrees with Molera that § 22.01 of the Manual does treat a resignation differently from a retirement.  Sections A and B sets forth different time frames to provide notices of resignation or retirement, while section C specifically addresses both.  The Manual could have addressed both a resignation and a retirement in section D, but only

---

[4]This subsection was not provided to the Court by the parties.  The Court reviewed the document online.  *See* https://evogov.s3.amazonaws.com/media/81/media/156761.pdf. As stated by Defendants, "[t]he Court may take judicial notice of the City's Personnel Manual as a public record adopted by City Council."  Motion, p. 2 n. 3, *citations omitted*.

discusses a resignation. "The contrast between these [subsections] makes clear that [the City of Nogales City Council] knows how to [make the provision apply to both a resignation and a retirement]. Because [the City of Nogales City Council] failed to include [retirement in subsection D, reading retirement into that subsection would] more closely resemble[] "invent[ing] a [provision] rather than interpret[ing] one." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010).

This situation is more than Bermudez and Felix simply having the discretion in exercising their duties. The Manual does not address when a notice of retirement shall be considered accepted and when it may be withdrawn. Although the heading combines resignation and retirement into one section, the subsections make clear when the Council has chosen to treat those events in the same manner. This is not a situation where an official's discretionary decisions were "constrained by policies not of that official's making." *Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Rather, because there was no meaningful constraint on whether Felix could accept or reject Molera's attempted withdrawal of his retirement, Felix's actions represented official policy. *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). In other words, Molera is seeking to state a claim that an "official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992), *citing City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Hammond v. County of Madera*, 859 F.2d 797, 801–02 (9th Cir.1988).

However, municipal liability for an isolated constitutional violation is appropriate only "if the final policymaker 'ratified' a subordinate's actions." *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999), *citations omitted*. The Court finds Molera has not stated sufficient facts in his Complaint to allege Felix made a conscious, affirmative decision to ratify the alleged decision to terminate Molera's employment in a manner that violated Molera's due process rights. *See e.g. United States v. Maricopa County, Ariz.*, 915 F. Supp. 2d 1073, 1084 (D. Ariz. 2012) ("Courts must apply pleading standards in a realistic, common-sense fashion that recognizes that at the pleading stage (i.e., prior to discovery

occurring) a plaintiff frequently lacks the actual details concerning a contested policy or custom.'"), *citation omitted*. Indeed, the facts alleged by Molera, including Molera's September 12, 2018, grievance letter which demonstrates Defendants received the request to withdraw on August 10, 2018, fails to show that Felix ratified an unconstitutional decision or action *and the basis for it*. Where, as here, a retirement has already gone into effect, which obviates any federal right, *see discussion infra*, there is no basis to conclude an official was ratifying an unconstitutional decision.[5] Further, liability may be found against a municipality "even in situations in which no individual officer is held liable for violating a plaintiff's constitutional rights." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019).

B. *Federal Right*

Defendants argue Molera's "due process claims against the individual Defendants are flawed because Bermudez and Felix are entitled to qualified immunity." Motion (Doc. 12), p. 9. In analyzing whether Defendants are entitled to qualified immunity, the Court first asks whether, taken in the light most favorable to the party asserting the injury, that party has established a violation of a federal right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court then considers whether Defendants conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Liston v. County of Riverside*, 120 F.3d 965, 975 (9th Cir. 1997), *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Court must determine "whether, in light of clearly established principles governing the conduct in question, [defendants] objectively could have believed that [their] conduct was lawful." *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998).

The defense of qualified immunity allows for errors in judgment and protects "all but

---

[5]Similarly, the facts Molera proposes to allege in an Amended Complaint do not cure this deficiency.

the plainly incompetent or those who knowingly violate the law . . . [I]f officers of reasonable competence could disagree on the issue [whether or not a specific action was constitutional], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity balances the interests of "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223 (2009); *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998).

Defendants argue Molera has not alleged a violation of a federal right. Rather, they assert that, because Molera's resignation had been accepted, Molera no longer had a property interest in continued employment and, therefore, Molera was not entitled to procedural protections. *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968 (9th Cir. 2002). However, in making this argument, Defendants rely on a provision of the Manual that addresses a notice of resignation.

Molera's notice of retirement stated an effective date of June 29, 2018. Additionally, the applicable provision of the Manual states a notice of retirement shall be submitted "no less than thirty (30) working days prior to the effective date of retirement." Manual § 22.01(A). Although Molera's Complaint alleges he "withdrew his letter of retirement on June 29, 2018 by delivery of written notice to Defendants[,]" Complaint (Doc. 1), p. 3. his September 12, 2018 grievance indicates he "hand-delivered to Ms. Valenzuela on August 10, 2018 a letter that [he] was withdrawing [his] request to retire." Complaint, Ex. E (Doc. 6). *See e.g. Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice…."). In other words, Molera's exhibit establishes he did not attempt to rescind his retirement until after 30 days of the effective date of his retirement as stated in his notice of retirement. Although the Manual does not specifically state when a notice of retirement is considered accepted, it necessarily has to be prior to the effective date of the retirement, *see e.g. Ulrich*, 308 F.3d at 975 (public

physician employee did not have the right to rescind resignation after city hospital had accepted it; hospital's decision not to accept the attempted rescission of resignation did not trigger due process concerns); *Sherring v. Indus. Comm'n*, 245 Ariz. 254, 256-57 (App. 2018) (no contract existed where employer withdrew offer prior to acceptance), or by July 6, 2018, the date of the Employee Action Notice which indicated Molera's last day worked was June 29, 2018, Molera was paid through June 29, 2018, and the retirement was effective June 29, 2018. Motion, Ex. 4 (Doc. 12-1). The Court finds Molera has not adequately alleged a violation of a federal right because Molera no longer had a property interest in continued employment. Because Molera has not alleged a violation of a federal right, individual Defendants Felix and Bermudez are entitled to qualified immunity.

Additionally, because Molera has not alleged a violation of a federal right, he has not adequately alleged a claim for municipal liability based on a policy. Rather, Molera has not adequately alleged a procedural due process claim because he has not adequately alleged a property interest protected by the Constitution. *See e.g. Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir.1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."); *Ulrich; Sherring*.

C. *Belief the Conduct was Lawful*

Even if Molera had alleged a violation of a federal right, any such rights in these circumstances were not "sufficiently clear that a reasonable official would understand that what he [was] doing violate[d those] rights." *Anderson v. Creighton*, 483 U.S. 637, 640 (1987); *see also City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015). Rather, the applicable provision provides for a retirement effective date to be no more than 30 days after submission of the notice of retirement. Manual § 22.01(A). Further, while Manual § 22.01(D) does not specifically address retirement, the provision would have provided guidance to Felix and Bermudez in determining when Molera's retirement was considered accepted when submitted. In these circumstances, it is apparent that under

clearly established principles governing the conduct in question, Felix and Bermudez objectively could have believed that their conduct was lawful. *See, e.g., White v. Pauly*, — U.S. —, 137 S. Ct. 548, 552 (2017) (per curiam) ("in the light of pre-existing law the unlawfulness must be apparent"); *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F. Supp. 2d 1090, 1100 (D. Colo. 2000) (individual defendants' failure to accept the rescission of a resignation did not violate the plaintiff's clearly established rights); *see also Camacho-Morales v. Caldero*, 68 F. Supp. 3d 261, 298-99 (D.P.R. 2014) (individual defendants not liable under Section 1983 even if employee did effectively rescind his resignation because the refusal to accept the rescission was based on mistaken interpretation of state law). The Court finds, even if Molera had stated a due process claim, Felix and Bermudez would be entitled to qualified immunity.

D. *Municipal Liability – Failure to Train*

Molera argues the City is liable for failing to adequately train or supervise Felix and Bermudez. Molera states, "By failing to provide adequate training to Defendants Felix and Bermudez, the city disregarded the obvious risk that Bermudez or Felix would violate an employee's right to a meaningful opportunity to be heard before termination of his employment when that employee withdraws his *retirement notice*." Response (Doc. 14, p. 6) (emphasis in original). Defendants assert, however, that Molera has failed to plead sufficient facts to establish municipal liability based on the City's alleged failure to train Bermudez and Felix.

To establish municipal liability based on a failure to train, a plaintiff must show that the defendant was "deliberately indifferent" to the need for training, and "the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. City of Los Angeles*, 758 F.3d 1154, 1158-59 (9th Cir. 2014). The Supreme Court has "explained that 'the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Castro v. Cty. of Los*

*Angeles*, 833 F.3d 1060, 1082 (9th Cir. 2016), *quoting City of Canton v. Harris*, 489 U.S. 378, 390 (1989). It is "only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality" that the municipality may be liable. *City of Canton*, 489 U.S. at 389. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train . . . Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The Ninth Circuit has upheld a district court's dismissal for a plaintiff's failure to state a *Monell* claim for failure to train in *Flores*. That plaintiff had "alleged that defendants 'failed to implement proper training to protect women to ensure that Sheriff's [d]eputies do not sexually assault women that . . . [they] come into contact with at the Vehicle Inspection Area.'" *Flores*, 758 F.3d at 1157. The Ninth Circuit found that "[t]he isolated incidents of criminal wrongdoing by one deputy other than Deputy Doe 1 do not suffice to put the County or Baca on 'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights.'" *Id*. at 1159, *quoting Connick v. Thompson*, 563 U.S. 51, 62 (2011). There was not a "pattern of similar constitutional violations by untrained employees." *Flores*, 758 F.3d at 1159, citing Connick, 563 U.S. at 63. Although there is a "narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference," the Ninth Circuit found that the failure to train police officers not to commit sexual assault did not have patently obvious unconstitutional consequences. *Flores*, 758 F.3d at 1159–1160, *quoting Connick*, 563 U.S. at 63.

In this case, Molera conclusorily alleges that inadequate training and instruction were provided to Felix and Bermudez. However, Molera does not allege any pattern of similar constitutional violations or allege any facts that would have placed the City on notice of a need for training regarding rescission practices and rights or due process. Rather, the failure to train Felix and Bermudez did not have patently obvious unconstitutional consequences.

The Court finds Molera has not stated a claim for failure to train upon which relief may be granted. The Court will grant the Motion to Dismiss as to this claim.

*Conclusion*

The procedural due process claim in violation of 42 U.S.C. §1983 is the sole remaining claim pending in the case. The Court has determined Molera has failed to adequately allege a violation of a federal right. Indeed, Molera has not alleged sufficient facts to state a claim for municipal liability based on either policy or failure to train. Additionally, the Court has determined that individual Defendants are entitled to qualified immunity. The Court finds dismissal of this matter is appropriate. Further, the Court agrees with Defendants that Molera's proposed additional allegations would not cure the deficiencies, i.e., that Molera failed to adequately allege a federal violation. Therefore, dismissal without leave to amend is appropriate.

Accordingly, IT IS ORDERED:

1.      The Motion to Dismiss (Doc. 12) is GRANTED. The claim for a violation of procedural due process, the Defendants, and this case are DISMISSED.

2.      The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 21st day of January, 2020.


_____
Cindy K. Jorgenson
United States District Judge